UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREY BERNIK,<br><br>           Petitioner,<br><br>     v.<br><br>PAMELA BONDI, *et al.*,<br><br>           Respondents. | Case No. C25-957-RSM-SKV<br><br>REPORT AND RECOMMENDATION |

### I.  INTRODUCTION

Petitioner Andrey Bernik is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking release from custody. Dkt. 6. Petitioner, who is proceeding through counsel, asserts that he is entitled to release because his detention by ICE has become indefinite within the meaning of *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See id*. at 3. Respondents have filed a return and motion to dismiss which is currently ripe for review (Dkt. 10), and Petitioner has filed a response opposing the Respondents' motion to dismiss (Dkt. 13). Respondents have not filed a reply in support of their motion.

1  The Court, having considered the parties' submissions and the governing law, concludes that Respondents' motion to dismiss should be denied, Petitioner's federal habeas petition should be granted, and Petitioner should be immediately released on reasonable conditions of supervision.

## II.  BACKGROUND

Petitioner is a native and citizen of Ukraine. Declaration of Jamie Burns (Burns Decl.), Dkt. 11, ¶ 3; Declaration of Sean Arenson (Arenson Decl.), Dkt. 12, Exs. A at 1, D at 1. Petitioner was admitted to the United States on November 26, 1990, as a lawful permanent resident, as the child of an individual who entered as a refugee. *See* Burns Decl., ¶ 4; Arenson Decl., Ex. A at 1, 3.

On November 18, 2011, Petitioner was convicted in the Superior Court of California, County of Sacramento, of second-degree murder. Burns Decl., ¶ 5; Arenson Decl., Ex. A at 3. Petitioner was sentenced to a total term of imprisonment of 45 years to life with the possibility of parole. *See id.* On July 1, 2022, California Governor Gavin Newsom commuted Petitioner's sentence to a total of 15 years to life. *See* Burns Decl., ¶ 6; Dkt. 13, Ex. A at 1. Petitioner was found eligible for parole on June 6, 2024. Burns Decl., ¶ 7.

On September 25, 2024, Petitioner was arrested by an ICE deportation officer and was released into ICE custody in Vacaville, California. Arenson Decl., Ex. A at 3, Ex. C. Petitioner was thereafter ordered detained and transferred to the NWIPC. *See* Burns Decl., ¶ 8; Arenson Decl., Ex. B. On October 8, 2024, Petitioner was served with a Notice to Appear ("NTA"), charging him as removable pursuant to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony relating to murder. *See* Burns Decl., ¶ 9; Arenson Decl., Ex. D.

Petitioner appeared before an immigration judge ("IJ") for removal proceedings on November 7, 2024. Burns Decl., ¶ 10; Arenson Decl., Ex. E. At that hearing, the IJ sustained the charge in the NTA and ordered Petitioner removed to Ukraine. *See id*. Petitioner waived his right to appeal the IJ's decision, and his removal order thus became administratively final on November 7, 2024. *See id*. The Government thereafter had 90-days to effectuate Petitioner's removal. 8 U.S.C. § 1231(a)(1)(A).

ICE Supervisory Detention and Deportation Officer Jamie Burns has submitted a declaration attesting that removals to Ukraine are not currently occurring and ICE therefore cannot remove Petitioner to Ukraine. Burns Decl., ¶ 12. Officer Burns further attests that the ICE Office of Enforcement and Removal Operations ("ERO") has petitioned other countries to accept Petitioner, including the United Kingdom, Germany, Spain, El Salvador, Mexico and Canada. *See id.*, ¶¶ 12, 13, 16. Five of the six countries have declined to accept Petitioner, the only exception being El Salvador which has yet to respond to ERO's request.[1] *See id.*, ¶¶ 14, 15; *see also* Dkt. 13 at 1 n.1.

Petitioner initiated the instant action on May 29, 2025, while confined at NWIPC.[2] Dkt. 1. Petitioner alleges that his continued detention violates his rights to procedural and substantive due process guaranteed by the Fifth Amendment. Dkt. 1 at 3. Petitioner asserts in his petition that because he was born in the former Soviet Union and emigrated as a Jewish refugee, he cannot be removed in the reasonably foreseeable future. *Id*. He maintains that Russia has been designated by the State Department as an "uncooperative country," which means they do not

---

[1] The request to accept Petitioner was sent to El Salvador on June 27, 2025. Burns Decl., ¶ 18.

[2] On June 7, 2025, Petitioner was transferred to the Adelanto ICE Processing Center in California. Burns Decl., ¶ 11. Respondents do not argue that Petitioner's transfer deprives this Court of jurisdiction over the instant petition.

REPORT AND RECOMMENDATION
PAGE - 3

issue travel documents in a timely manner or cooperate in the return of their nationals. *Id*. at 3-4. Petitioner notes as well that he has been granted asylum from Russia. *Id*. at 4. Petitioner goes on to assert that Ukraine has no record of him so will not issue travel documents for his return, and he claims he spoke with the Ukrainian embassy on March 9, 2025, and was told they had reviewed and denied the application for travel documents submitted to them by ICE. *Id.*

The Government argues that Petitioner's detention is constitutional pending his removal, and requests that the petition be dismissed. Dkt. 10. Petitioner opposes the motion to dismiss. Dkt. 13.

### III.    DISCUSSION

Title 8 U.S.C. § 1231 governs the detention and release of noncitizens such as Petitioner who have been ordered removed. Under § 1231(a), the Department of Homeland Security ("DHS") is required to detain a noncitizen during the 90-day "removal period." 8 U.S.C. §§ 1231(a)(1)(B), (a)(2). In this case, the removal period began on the date Petitioner's removal order became administratively final, November 7, 2024, and the removal period expired 90 days later on February 5, 2025. *See* 8 U.S.C. § 1231(a)(1)(B)(i).

After the removal period expires, DHS has the discretionary authority to continue to detain certain noncitizens, including those who are removable under § 1227(a)(2), or to release them on supervision. 8 U.S.C. § 1231(a)(6). Because the IJ sustained Petitioner's charges of removability under § 1227(a)(2), Petitioner's detention comports with the statute.

Although § 1231(a)(6) authorizes ICE to detain Petitioner, it cannot do so indefinitely. In *Zadvydas*, the Supreme Court held that § 1231(a)(6) implicitly limits a noncitizen's detention to a period reasonably necessary to bring about that individual's removal from the United States and does not permit "indefinite" detention. *Zadvydas*, 533 U.S. at 701. The Supreme Court

REPORT AND RECOMMENDATION
PAGE - 4

determined that it is "presumptively reasonable" for DHS to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual from the United States. *Id*. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. If the Government fails to rebut the noncitizen's showing, the noncitizen is entitled to habeas relief. *Id*.

The six-month presumption "does not mean that every [noncitizen] not removed must be released after six months. To the contrary, [a noncitizen] may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Nevertheless, "for detention to remain reasonable, as the period of prior post removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

In this case, the presumptively reasonable six-month period expired on or about May 7, 2025, over three months ago. It is unclear from the record whether ICE's inability to remove Petitioner to Ukraine during that period is attributable to Ukraine's rejection of an application for travel documents, as Petitioner suggests in his petition (*see* Dkt. 6 at 4), or to Ukraine's ongoing war with Russia, as Petitioner suggests in his response to Respondents' motion to dismiss (*see* Dkt. 13 at 1). Respondents make no mention of having submitted a travel document request to Ukrainian authorities on behalf of Petitioner, nor do they otherwise address the suggestion that Ukraine does not recognize Petitioner as a citizen because he was born in the Soviet Union. Respondents simply acknowledge that removals to Ukraine are not currently happening and that ERO has therefore petitioned other countries to accept Petitioner.

REPORT AND RECOMMENDATION
PAGE - 5

Respondents argue that because ICE is actively working on removing Petitioner through requests to other countries, the fact that removals to Ukraine are not happening at present does not demonstrate that Petitioner's removal is unlikely in the reasonably foreseeable future. Dkt. 10 at 6-7. Respondents correctly note that the fact that a federal habeas petitioner does not have a specific date of anticipated removal does not establish that detention is indefinite. Dkt. 10 at 6 (citing *Diouf v. Mukasey* ("*Diouf I*"), 542 F.3d 1222, 1233 (9th Cir. 2008)). However, the record makes clear that ICE has yet to find any other country willing to accept Petitioner, with five of six countries to whom requests have been sent specifically denying those requests. The fact that the remaining country, El Salvador, has apparently not yet responded to ICE's request, is not sufficient to persuade this Court that there is a significant likelihood Petitioner will be removed in the reasonably foreseeable future. Petitioner is therefore entitled to habeas relief.

## IV.     CONCLUSION

Based on the foregoing, this Court recommends that the Respondents' motion to dismiss (Dkt. 10) be DENIED, that Petitioner's federal habeas petition (Dkt. 1) be GRANTED, and that Petitioner be released on reasonable conditions of supervision. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 5, 2025**.

1   DATED this 15th day of August, 2025.

\
S. KATE VAUGHAN \
United States Magistrate Judge

REPORT AND RECOMMENDATION \
PAGE - 7